UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re
Susan Marie Dandridge, and | Case No.: 08-23680-pp

Kathy Bembenek, | Case No.: 07-30280-svk
         Debtors.

Susan Marie Dandridge, et al.

         Plaintiffs, | Adversary Case No. 09-2469

v.

Aurora Health Care, Inc.,

         Defendant.

## MEMORANDUM DECISION AND ORDER
## DENYING MOTION TO REMAND

On November 9, 2009, Susan M. Dandridge and Kathleen M. Bembenek (collectively the "Bembenek Debtors") filed a Class Action Complaint in the Circuit Court for Milwaukee County against Aurora Health Care, Inc. ("Aurora"). The Complaint alleges that Aurora violated a Wisconsin statute by attaching invoices containing confidential medical information to Aurora's proofs of claim in the Debtors' bankruptcy cases. The Milwaukee County action alleges an identical violation of state privacy law as Class Action Complaints filed on June 23, 2009 in this Court by Renee Ortiz, Douglas Lindsey and Valerie Jones (collectively the "Ortiz Debtors").[1]

On December 7, 2009, Aurora removed the Milwaukee County action to this Court. Since the underlying bankruptcy cases are pending in front of two different Judges of this Court,[2] Aurora filed notices of removal in both bankruptcy cases, and the Clerk duly opened two adversary

---

[1] The Ortiz Debtors sought, without objection from Aurora, the consolidation of the Ortiz Debtors' adversary proceedings for purposes of trial.
[2] Ms. Dandridge's case no. 08-23680-pp is pending before the Honorable Judge Pamela Pepper, and Ms. Bembenek's case is pending before the undersigned Judge.

proceedings, creating the illusion of separate adversary cases. In reality, there are only two pending Complaints: (1) the consolidated Complaint filed by the Ortiz Debtors; and (2) the Complaint filed by the Bembenek Debtors, that has not, as of yet, been consolidated in front of one Judge.

Meanwhile, by Order entered on November 17, 2009, this Court granted Aurora's Motion to Dismiss Count I of the Ortiz Debtors' Complaint alleging that Aurora violated Bankruptcy Rule 9037, but denied Aurora's Motion to Dismiss as to Count II, which claimed a violation of Wis. Stat. § 146.82. Thereafter, on December 11, 2009, the Ortiz Debtors filed a Motion for Abstention arguing that, because the only remaining claim is grounded in unsettled state law, this Court should abstain from the Ortiz Debtors' adversary proceeding, and allow the issue to be determined in a Wisconsin Court. Then on December 24, 2009, the Bembenek Debtors filed a Motion to Remand the Bembenek Debtors' adversary proceeding to the Circuit Court for Milwaukee County.

Aurora objected to the abstention in the Ortiz Debtors' adversary proceeding, and on December 30, 2009, filed a Motion to Withdraw the Reference of both the Ortiz Debtors' adversary proceeding and the Bembenek Debtors' adversary proceeding to the District Court. However, Aurora did not file a Motion to Stay the proceedings in this Court pending the District Court's decision on withdrawal of the reference, and Bankruptcy Rule 5011(c) provides that, absent such a Motion, the filing of a Motion to Withdraw the Reference "shall not" stay the proceedings in this Court. Accordingly, on January 5, 2010, this Court held a scheduled hearing on the Ortiz Debtors' Motion for Abstention and issued a Memorandum Decision denying that Motion. Additionally, after duly considering all the arguments made in favor of remand of the Bembenek Debtors' action, the Court concluded that the grounds for a remand determination are virtually identical to the grounds for deciding a Motion for Abstention. Therefore, at the scheduled January 5, 2010 status conference on the Bembenek Debtors' adversary proceeding, the Court announced its decision

denying the Motion to Remand. This Memorandum Decision constitutes the Court's findings of fact and conclusions of law on the Motion to Remand.

## ANALYSIS

The Bankruptcy Court may remand a removed cause of action on any equitable ground. 28 U.S.C. § 1452(b). In evaluating whether remand is appropriate, the Court should examine a number of factors, including: (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the complexity of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to jury trial; and (7) the prejudice to the party involuntarily removed from state court. *Williams v. Shell Oil Co.,* 169 B.R. 684 (S.D. Cal. 1994) (court remanded polybutylene litigation to state court, finding in addition to the above factors that all of the factors for mandatory abstention were met). In addition to these seven factors, other courts have cited judicial economy, forum non conveniens, the expertise of the original court, and the possibility of inconsistent results. *See Blanton v. IMN Fin. Corp.*, 260 B.R. 257, 266 (M.D.N.C. 2001) (declining to remand case alleging misconduct of mortgage purchasers in failing to fund loans).

As noted above, the remand factors are very similar to those applied in considering permissive abstention, and "permissive abstention under § 1334(c)(1) and equitable remand under § 1452(b) are essentially identical. The court's analysis, therefore, is essentially the same for both types of relief." *Mann v. Waste Mgmt. of Ohio, Inc.*, 253 B.R. 211, 215 (N.D. Ohio 2000) (citing *In re Donington*, 194 B.R. 750, 759-60 (Bankr. D.N.J. 1996) (collecting cases)). *See also Eaton v. Taskin, Inc.*, 2007 U.S. Dist. LEXIS 52593, 2007 WL 2700554, at *4 (C.D. Ill. July 20, 2007) ("The standard applicable for both [permissive abstention and equitable remand] is essentially the same").

This Court has already carefully considered and rejected the Ortiz Debtors' Motion for Abstention. In summary, the Court denied the Debtors' request for mandatory abstention, finding that the cause of action challenging a creditor's proof of claim for violating privacy laws to be a "core proceeding" under 28 U.S.C. § 157(b)(2)(B) and (C). Both Aurora and the Ortiz Debtors conceded that the Ortiz Debtors' claim is a core proceeding. *See* Aurora's Brief opposing abstention at page 10-11 and the Ortiz Debtors' Complaint at ¶ 4.[3] While the Bembenek Debtors obviously have not acknowledged that their Milwaukee County action is a core proceeding, it is undisputable that the proofs of claim filed by Aurora in the Debtors' bankruptcy cases formed the basis for the Milwaukee County action. Paragraph 5 of the Bembenek Debtors' Complaint states: "All plaintiffs have had proofs of claim filed in the public record by [Aurora]. Proofs of Claim filed by [Aurora] disclose private medical treatment and records as attachments to each proof. [Aurora's] policy has been to file along with any proof of claim attachments which violate privacy statutes." The Bembenek Debtors' Complaint contains no allegations of any violations of state or federal law other than those created by attaching private and sensitive medical information to Aurora's proofs of claim.

In addition to holding that mandatory abstention was inapplicable, the Court rejected the Ortiz Debtors' request for permissive abstention, finding that none of the factors such as judicial economy,[4] comity for the state courts, or enhanced administration of the bankruptcy estate were served by abstention, and, perhaps most significantly, that the nature of the Debtors' claims could *only* arise in the context of a bankruptcy case. This conclusion was predicated on the unique nature of bankruptcy proofs of claim, the heart of the challenge in this and the Ortiz Debtors' cases.

---

[3] Adversary Proceeding No. 09-2199-svk.
[4] As noted above, to the extent that the Bembenek Debtors' adversary cases are currently split between two Judges of this Court due to the assignment of the underlying bankruptcy cases, in reality, there is only one adversary proceeding pending for the Bembenek Debtors, which should be overseen by one Judge.

4

Without question, a dispute about bankruptcy proofs of claim could only arise in the context of a bankruptcy proceeding because proofs of claim are only filed in bankruptcy cases. Indeed, the definition of core proceedings in 28 U.S.C. § 157(b)(2)(B) and (C) expressly includes allowance or disallowance of claims and counterclaims by the estate against persons filing claims against the estate. *See also Bankruptcy Serv., Inc. v. Ernst & Young (In re CBI Holding Co.)*, 529 F.3d 432 (2d Cir. 2008) (matters integrally related to proof of claim were core); *In re K&R Express Sys., Inc.*, 382 B.R. 443, 447 (N.D. Ill. 2007) (even non-core claims can be regarded as core matters when they arise out of the same transaction as the creditor's proof of claim). Following this rationale compels the conclusion that this adversary proceeding falls squarely within this Court's core jurisdiction, and, all other factors being equal, should not be remanded to the Milwaukee County Circuit Court.

Moreover, Aurora's Answer raises a defense that, to the extent the Debtors' Chapter 13 plans were confirmed after the filing of the proofs of claim, this Court's confirmation order is *res judicata* prohibiting the challenges to the proofs of claim. This defense requires the application of bankruptcy law and the interpretation of the Debtors' plans and this Court's confirmation orders. This Court is in a better position than the Milwaukee County Circuit Court to efficiently determine these particular issues. Notably, in the abstention context, the Seventh Circuit has found that when application of federal bankruptcy law can resolve the dispute without first considering the issue of state law, it is an abuse of discretion for the bankruptcy court to abstain from doing so. *See In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,* 6 F.3d 1184, 1186 (7th Cir. 1993) ("Abstention is but a narrow exception to the exercise of federal jurisdiction, and the reorganization court should not abstain from interpreting its own consummation order absent extraordinary circumstances. The reorganization court is clearly in the best position both to interpret the consummation order and to

5

determine whether [the Plaintiff] had a contingent claim that should have been filed in the reorganization").

One difference between this adversary proceeding and the Ortiz Debtors' adversary proceeding is the Bembenek Debtors' request for a jury trial. Such a request in a non-core proceeding has been considered a significant factor in considering an equitable remand. *See Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.,* 130 B.R. 405, 409 (S.D.N.Y. 1991) (citations omitted). But, the instant matter is a core proceeding, and is thus distinguishable. Moreover, balancing the jury trial request against the other factors, including the judicial economy served by keeping this case with the pending identical core proceeding filed by the Ortiz Debtors weighs against remand. A remand back to state court at this juncture could easily result in piecemeal decisions with inconsistent determinations from the courts.

Finally, it is not a foregone conclusion that denial of the Motion to Remand is a denial of the Bembenek Debtors' rights to a jury trial. If the Bembenek Debtors are entitled to a jury trial, all parties consent, and the District Court authorizes this Court to do so, this Court could conduct a jury trial. See 28 U.S.C. § 157(e). In its Motion to Withdraw the Reference, Aurora has stated that it will not consent to this Court's conduct of the jury trial; if the reference is withdrawn, the District Court could conduct a jury trial. However, even if the reference is not withdrawn, this Court could still handle all of the pretrial motions, discovery determinations and other preliminary matters, and transfer the case to the District Court to conduct the jury trial. *See, e.g., Doucet v. Drydock Coal Co. (In re Oakley),* 2007 U.S. Dist. LEXIS 15684 (S.D. Ohio Mar. 6, 2007) (judicial economy would be served by keeping the matter in bankruptcy court for the resolution of pretrial matters even if the action was ultimately transferred for jury trial).

6

In summary, this Court should not remand this proceeding back to the State court because this adversary proceeding is grounded in a unique creature of bankruptcy law – the proof of claim — and Aurora's defense raises the interpretation of this Court's own confirmation orders. The Debtors' jury trial request does not outweigh the other factors that strongly favor keeping the removed action in federal court. If appropriate and necessary, the Debtors' jury trial request can be accommodated. For these and the other reasons stated in the Memorandum Decision and Order on the Ortiz Debtors' Motion for Abstention,[5] the Motion to Remand is denied.

IT IS SO ORDERED.

Dated: January 6, 2010

By the Court:

*Susan Kelley*
Susan V. Kelley
U.S. Bankruptcy Judge

---

[5] That decision distinguishes *Chapman v. Currie Motors,* 65 F.3d 78 (7th Cir. 1995), and *In re Import & Mini Car Parts,* 1996 U.S. App. LEXIS 25992 (7th Cir. Sept. 27, 1996), the same cases cited by the Debtors here in favor of remand.

7